# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

PAUL L. NICHOLAS, et al.,

    **Plaintiffs,**

*vs.*                                                              CIVIL ACTION NO. 1:03CV276

BITUMINOUS CASUALTY CORPORATION,

    **Defendant.**

## ORDER/OPINION

On the 15th day of March, 2006, came the Plaintiffs, by their counsel, Ancil Ramey, for a telephonic hearing on their "Second Motion to Compel and For Sanctions" [Docket Entry 314]. Defendant appeared through counsel, Amanda Davis.

After hearing arguments, the Court entered an order deciding Docket Entry 314 and deferring further consideration of Plaintiffs' claim for costs pursuant to FRCivP 37 pending receipt of Plaintiffs' statement of fees and Defendant's response thereto.

Plaintiffs filed their Statement Of Attorneys' Fees and Expenses Incurred In Connection With Plaintiffs' Second Motion To Compel and For Sanctions (Docket Entry 332) on March 20, 2006. Defendant filed its Response To Plaintiffs' Alleged Fees Statement (Docket Entry 333) on April 5, 2006. Plaintiffs filed their Reply To The Response To Plaintiffs' Fee Statement (Docket Entry 334) on April 6, 2006.

The matter having been fully argued in the parties' written memorandums, the issues are joined and ripe for decision by the Court without the need for further input from or expense to the parties.

## Discussion

It will be recalled that the discovery dispute that gives rise to the claim for fees, costs and sanctions arose in the following manner:

1. Plaintiffs filed discovery requests on May 6, 2005 (Docket Entry 252).

2. Plaintiffs filed their motion to compel (Docket Entry 268).

3. After hearing the Court granted the motion to compel in part by Order dated November 15, 2005 (Docket Entry 305). The Order ruled on a number of motions and specifically denied Plaintiff's request for FRCivP 37 sanctions.

4. According to Defendant's Response and Plaintiffs' Statement of Attorneys' Fees, during a meeting (telephonic) on December 8, 2005 discussion was had concerning outstanding discovery of Plaintiffs. During the discussion Plaintiffs reported that they had not yet received Defendant's Supplemental Discovery Responses made on December 1, 2005 pursuant to the Court's November 15, 2005 Order.

5. On December 8, 2005, counsel for Defendant instructed that a second copy of the supplemental Discovery Responses be hand-delivered to counsel for Plaintiffs.

6. Plaintiffs filed their second motion to compel and for sanctions on January 9, 2006 (Docket Entry 314).

7. On January 24, 2006, Defendant filed a response to the second motion to compel defending its production (Docket Entry 317).

8. On February 14, 2006 Defendant discovered that clerical errors had been made in its Third Supplemental Response To Plaintiffs' Discovery Requests, discharged the employee responsible, and filed a Fourth Supplemental Response (Docket Entry 321).

9.  On March 15, 2006 Plaintiffs' appeared before the Court and agreed that their second motion to compel had been rendered moot by Defendant's Fourth Supplemental Response but retained their claim for sanctions all of which was memorialized in the Court's Order of March 15, 2006 (not appealed).

Reasonable expenses in making the motion to compel, including attorney's fees, may be awarded "unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's non-disclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust." FRCivP37(a)(4)(A).

The United States Court for the Northern District of West Virginia has codified "a good faith effort" in it's Local Rule of Civil Procedure 26.04(b): "<u>Duty to Meet</u>. Before filing any discovery motion, including any motion for sanctions or far a protective order, counsel for each party shall make a good faith effort to meet in person or by telephone to narrow the areas of disagreement to the greatest possible extent. It shall be the responsibility of counsel for the moving party to arrange for the meeting."

### **Findings and Conclusions**

Based on the records and pleadings, the Court finds and concludes the following:

According to Plaintiffs' Counsels' billing records (Docket Entry 332), between the December 8, 2005 telephonic conference initiated by counsel for Defendant to discuss Plaintiffs' failure to provide discovery and during which telephone conference counsel for Plaintiffs' advised counsel for Defendant that he had not received the Third Supplemental Response in accord with the Court's Order and the January 9, 2006 filing of Plaintiffs' Second Motion To Compel, there was no "in

person" or "telephonic" meeting to narrow the areas of disagreement.

Nothing occurred between the afternoon of December 8, 2005 when Defendant delivered a second copy of the Third Supplemental Response to counsel for Plaintiffs and the December 22, 2005 letter from counsel for Plaintiffs' to alert Defendant that the Third Supplemental Response was deemed inadequate or incomplete.

Plaintiffs' counsel conducted $4,244.00 claimed worth of time in reviewing discovery disclosures before writing to counsel for Defendant on December 22, 2005 with objections to the discovery responses but did not telephone, write or meet with counsel for Defendant with respect to what the reviews disclosed until the December 22 letter.

Plaintiffs' Counsels' billing records (Docket Entry 332) reveals the only activity by counsel between the December 22, 2005 letter to Defendant's counsel and the filing of the January 9, 2006 Second Motion To Compel was the work and revision of the Second Motion To Compel.

The cost of preparation of the letter of December 22, 2005 was $30.00.

Plaintiffs' in part argue that Defendant is responsible for the $4,244.00 of review costs incurred because it was necessary to conduct the review prior to writing the letter. Defendant's argue its Third Supplemental Production of 17 pages of documents in light of the large privilege log previously produced was itself sufficient to alert Plaintiffs' to the error without extensive review. Defendant's argument is persuasive.

The rule places the duty on movant to arrange the meet and confer. In this case the movants are Plaintiffs. The rule requires the meet and confer to be by telephone or in person. No such meet and confer was arranged or held by Plaintiffs prior to their filing of the Second Motion To Compel.

Even though there was discussion of the failure to receive the Court Ordered supplement to

discovery during the meet and confer telephone call initiated by Defendant to discuss Plaintiffs' failure to provide discovery, the subject matter of the discussion was that the documentation had not been received, not that the documentation received was inadequate.

There is no evidence before the Court to suggest that Defendant was averting the Court's Order requiring discovery or to frustrate the discovery process. To the contrary, it is undisputed that a staff member within Defendant's office made a mistake in sending out the original and second copy of the Third Supplement and paid for that mistake and others with her job.

The rule makes the meet and confer a condition precedent to the filing of the motion to compel. Plaintiffs violated the rule.

### Decision

For the foregoing reasons, Plaintiffs' Motion For Sanctions is **DENIED** and the Clerk is directed to remove Docket Entry 314 from the active motions pending before the Court, the same having now been fully decided.

**IT IS SO ORDERED.**

The Clerk for the United States District for the Northern District of West Virginia is directed to provide copies of this order to all counsel of record.

DATED: April 14, 2006

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE