PAUL L. NICHOLAS, et al.,
**Plaintiffs,**

*vs.*                                                      CIVIL ACTION NO. 1:03CV276

BITUMINOUS CASUALTY CORPORATION,
**Defendant.**

## ORDER/OPINION

On the 2nd day of June 2006, Plaintiffs filed their Motion to Strike Defendant's Supplemental Amended Rule 26(a) Disclosures [Docket Entry 356]. Defendant filed its Response on June 16, 2006 [Docket Entry 357]. Plaintiffs filed their Reply on June 23, 2006 [Docket Entry 360].

Plaintiffs originally moved the Court to strike Defendant's disclosure of Gerald R. Lacey, Ed DeWitt, Tammy, DeWitt, Walter Osborne, Mark Thacker, Jeff Cole, and Stephen Werner. Defendant's Response stated that Mr. Lacey had been disclosed as a witness both in its initial Rule 26(a) Disclosures and at the outset of the Unfair Trade Practices litigation. Defendants, however, agreed to withdraw the disclosure as rebuttal witnesses if necessary. Following Defendant's Response, Plaintiffs withdrew their motion to strike as to Gerald Lacey, Ed DeWitt, Tammy, DeWitt, and Walter Osborne. Plaintiffs' Motion to Strike the disclosures of Mark Thacker, Jeff Cole, and Stephen Werner is still before the Court.

## I. DISCUSSION

Defendant served "Bituminous Casualty Corporation's Supplemental Amended Rule 26(a) Disclosures" on May 3, 2006 (Docket Entry 343), naming, among others, Thacker, Cole, and Werner, as "Individuals likely to have discoverable information." The date for completion of

discovery was March 31, 2006 (Docket Entry 298).

Defendant states that the three witnesses at issue are all "investigators retained in both the underlying and present action to conduct surveillance of the Plaintiffs." Defendant's Response at 2. Defendant contends it listed the witness's employer, Omega Insurance Services, Inc., in its initial Rule 26(a) Disclosures. Defendant further states it "did not provide the specific identity of these men earlier because surveillance was ongoing." Defendant contends that it provided the identities of these "individual investigators" upon request of Plaintiffs' counsel. Specifically, Plaintiffs' counsel requested the identity of the individuals who conducted the recent surveillance of his clients and dates for their depositions, and Defendant "then provided the names of the investigators and began working on scheduling the requested depositions. At that time, there was no objection by Plaintiffs." Response at 2. Specifically, on April 25, 2006, Plaintiffs' counsel wrote to counsel for Defendant as follows:

> I want to depose each and every person whom [sic] participated in the recent surveillance of my clients. Please provide me with the dates and times those persons will be available for deposition.

As noted, Defendant filed its Supplemental Amended Rule 26(a) Disclosures which included the three investigators, on May 3, 2006.

In their Reply, Plaintiffs contend Thacker, Cole, and Werner should be stricken as witnesses because 1) their identities were not disclosed until well after the discovery cutoff; 2) their identities were known to the Defendant well prior to the cutoff; 3) the identities of other private investigators were revealed to the plaintiffs prior to the discovery cutoff, and, to the extent they were disclosed, the plaintiffs have no objection; 4) the plaintiffs' request for the deposition of private investigators was limited to those known and/or disclosed to the plaintiffs, not to private investigators whose

identities were neither known nor disclosed; and 5) the fact that "Defendant provided the identities of the individual investigators upon request of Plaintiffs' counsel, immediately after the most recent surveillance tapes were disclosed. . . . omits the fact that there was a considerable delay between when the surveillance was conducted, which was prior to the discovery cutoff, and the time the tapes were disclosed, which was well after the discovery cutoff . . . ."

A review of the docket in this matter shows that Defendant filed its "Rule 26(a) Disclosures" on April 25, 2005 (Docket Entry 249), after the underlying tort claim was settled. The Disclosure, as Defendant states, lists Omega Insurance Services, Inc., the three witnesses' employer (either in the past or currently). Notably, the Disclosure also provides as follows:

> All witnesses and expert witnesses named by defendants in the underlying tort action in disclosures filed pursuant to Rule 26(a) or pursuant to subsequent Time Frame Orders, including the final Pre-trial Order.

"Defendants" had filed their Initial Disclosures on March 11, 2004, again naming Omega, but also individually identifying Mark Thacker and Jeffrey Cole. (See Docket Entry 11 at page 3, paragraph 11). Further, in the Proposed Joint Pre-trial Order filed December 14, 2004 (Docket Entry 206), the defendants specifically listed as witnesses Mark Thacker, Jeffrey Cole, and Steven Warner,[1] referring to them as "investigator[s] with Omega Insurance Services . . . ."

The undersigned therefore finds Defendant did disclose Mark Thacker, Jeffrey Cole, and Stephen Werner prior to the discovery cutoff date in this case. Further, particularly considering Plaintiffs' counsel was the same in the underlying tort case and the bad faith case, Plaintiffs were at least aware of these individuals for years. Therefore, if, as Plaintiffs argue, "the Plaintiffs' request for the deposition of private investigators was limited to those known and/or disclosed to the

---

[1] The undersigned assumes Steven Warner and Stephen Werner are the same person.

3

Plaintiffs, not to private investigators whose identities were neither known nor disclosed," these three individuals would appear to be among the former.

For all the above reasons, Plaintiffs' Motion to Strike Defendant's Supplemental Amended Rule 26(a) Disclosures [Docket Entry 366] is **DENIED.**


**IT IS SO ORDERED**.

The Clerk for the United States District for the Northern District of West Virginia is directed to provide copies of this order to all counsel of record.


DATED: June **28** , 2006.

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE